UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHARLES GILMAN,
*et al.*,

        Plaintiffs,

                                   Case No. 1:07-cv-1031
v.                                   Hon. Robert J. Jonker

ROBERT A. TROTT, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Pro se plaintiffs have filed a complaint directed at 18 defendants claiming violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962, 1964. This matter is now before the court on plaintiffs' motion for summary judgment (docket no. 3), "plaintiffs' request for a Rule 55(a)(1) judgment by default" (docket no. 4), "plaintiffs' request for a Rule 55(a)(1) judgment by default" (docket no. 15), "Trott & Trott, P.C.'s motion to dismiss as to all defendants per FRCP 12(b)(6)" (docket no. 7), and "Defendants' motion to quash service pursuant to FRCP 12(b)(2) & (5)" (docket no. 5).

       **I.**       **Plaintiffs' motions for default judgment**

        Plaintiffs have filed two motions seeking entry of a default judgment (docket nos. 4 and 15). Fed. R. Civ. P. 55 sets forth the procedure for the entry of a default and a default judgment, providing in pertinent part as follows:

        **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must
enter the party's default.

**(b) Entering a Default Judgment.**

> **(1) By the Clerk.** If the plaintiff's claim is for a sum
> certain or a sum that can be made certain by
> computation, the clerk--on the plaintiff's request, with
> an affidavit showing the amount due--must enter
> judgment for that amount and costs against a
> defendant who has been defaulted for not appearing
> and who is neither a minor nor an incompetent
> person.

> **(2) By the Court.** In all other cases, the party must
> apply to the court for a default judgment . . . .

Under Rule 55, the procedure for obtaining a default judgment consists of two steps:

> first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have
> the clerk enter the default by submitting the required proof that the opposing party
> has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the
> moving party may seek entry of judgment on the default under either subdivision
> (b)(1) or (b)(2) of the rule.

*Dahl v. Kanawha Investment Holding Company*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).  Here,

plaintiffs have failed to meet the requirements of Rule 55(a) because the clerk did not enter a default

with respect to any defendant in this action.[1]  Accordingly, plaintiffs' motions for default judgment

(docket nos.  4 and 15) should be denied.

**II.      Plaintiffs' motion for summary judgment**

Next, plaintiffs have filed a document entitled "motion for summary judgment"

(docket no. 3).  This "motion" does not present any basis for relief.  Rather, it consists of a collection

---

[1] Moreover, it appears that plaintiffs could not have obtained the entry of default.  Plaintiffs filed
copies of certified mailing cards which suggest that defendant Trott & Trott, P.C., accepted service for the
individual defendants on November 7 and 8, 2007.  *See* docket no. 12.  Assuming that defendants were served
on those dates, their motion to dismiss, filed on November 27, 2007, was a timely response.  *See* docket no.
7.

of legal citations regarding the standard of review for a summary judgment motion under Fed. R. Civ. P. 56.  Furthermore, plaintiffs have failed to file a supporting brief as required under W.D. Mich. LCivR 7.1(a).  In short, plaintiffs' motion is not properly before this court.  Accordingly, plaintiffs' motion for summary judgment (docket no. 3) should be denied.

### III.    Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

### A.    Standard of review

Defendants seek to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 7).  "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted).  "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir.2005).  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  The Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).  "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens*, 500 F.3d at 527 (citations omitted).  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, the plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

In determining whether a complaint states a cause of action, pro se litigants, such as plaintiff, "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty to be "less stringent" with pro se complaints does not require this court to conjure up unpleaded allegations. *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir. l988); *McDonald v. Hall*, 610 F.2d 16 (lst Cir. l979).

### B.    Elements of a RICO claim

RICO provides in relevant part as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Under RICO, an "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," while a "person" is defined as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3), (4).

To prove a RICO violation, a plaintiff must show:

> 1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above.

*Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).

4

### C.   Plaintiff's complaint

Plaintiffs allege that defendant Trott & Trott, P.C., engages "in the business of collecting on false evidence of indebtedness including debt-charge-offs," and that it "uses threats, intimidation and other extortionate means to obtain money and property under the falsehood that parties similarly situated to Robert and Marilyn Gilman are indebted to ghost predatory creditors." Compl. at ¶ 4.   Defendants' "predicate acts" allegedly consist of "instruments uttered through the U.S. mail service" on May 13, 2007, demanding that plaintiffs pay Trott & Trott, P.C. "a sum in excess of $108,811.25 . . . based on an unverified, undocumented claim that Robert & Marilyn Gilman were indebted to an unknown and unrevealed client. (Each communication = predicate act)." *Id.* at ¶ 5.   Plaintiffs also allege that after  they "received repeated demands for money from Trott & Trott, P.C.," they discovered that they "had lost" $109,000.00 "in property,"  and "were deprived of business opportunities relative to [their] interests in developing rural property."  *Id.* at ¶ 6.  The balance of plaintiffs' complaint consist of what defendants aptly describe as "a hodge-podge of disjointed legal statements and conclusions."

### D.   Plaintiffs have failed to state a RICO claim

### 1.   Plaintiffs have not alleged a "pattern of racketeering activity"

First, plaintiffs have failed to allege that defendants engaged in at least two predicate acts of racketeering.

> To establish a RICO violation under § 1962(c), a plaintiff must allege that the RICO enterprise engaged in a "pattern of racketeering activity" consisting of at least two predicate acts of racketeering activity occurring within a ten-year period. 18 U.S.C. § 1961(5). The alleged predicate acts may consist of offenses "which are indictable" under any of a number of federal statutes, including the mail (18 U.S.C. § 1341) and wire fraud statutes (18 U.S.C. § 1343). 18 U.S.C. § 1961(1).

*Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

It appears that the "predicate acts" upon which plaintiffs base their complaint is a species of mail fraud committed on May 13, 2007, when Trott & Trott demanded payment "using instruments uttered through the U.S. Mail service." Compl. at ¶ 5. Plaintiffs attempt to characterize the May 13th mailing as containing multiple predicate acts, stating that "[e]ach communication = predicate act." However, plaintiff's semantic exercise does not transform this single mailing into a "pattern of racketeering activity" sufficient to support a RICO claim. Accordingly, their complaint should be dismissed for failing to allege two or more predicate acts of racketeering activity.

### 2. Plaintiffs have not alleged the existence of an enterprise engaged in a pattern of racketeering activity

"[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Here, plaintiffs allege that the individual defendants in this action are "predicate actors of the racketeering enterprise (hereinafter referred to as) Trott & Trott, P.C.," which "freely, willfully and knowingly engages in the illicit business of collecting false evidence of indebtedness sometimes rising to the level of securities fraud within the geographic boundaries of the Western Federal District of Michigan." Compl. at ¶ 2. While plaintiffs allege that "Trott & Trott, P.C." is the "enterprise" involved in this RICO claim, they also name "Trott & Trott, P.C." as a defendant that participated in the enterprise. Plaintiffs cannot maintain an action against Trott & Trott, P.C. as both the "enterprise" and a person subject to civil liability under the RICO statute. "Under RICO, a corporation cannot be both the 'enterprise' and the 'person' conducting or participating in the affairs of that enterprise." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000). *See Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44-45 (1st Cir. 1991) ("[w]e have consistently

6

interpreted the statutory requirement that a culpable person be 'employed by or associated with' the RICO enterprise as meaning that the same entity cannot do double duty as both the RICO defendant and the RICO enterprise"); *Wiley v. Hughes Capital Corp.*, 746 F.Supp. 1264, 1297 (D.N.J. 1990) ("[a]n enterprise must exist separately and apart from the RICO defendant").  Accordingly, plaintiffs cannot allege that Trott & Trott, P.C. is both the enterprise and a defendant subject to liability for conducting the enterprise's affairs.

Furthermore, plaintiffs fail to set forth the specific acts of mail fraud that comprise the pattern of racketeering activity in the alleged enterprise.  "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact." *Blount Financial Services, Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152 (6th Cir. 1987).  A plaintiff claiming such a RICO violation must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  *Leeds v. City of Muldraugh, Meade County, KY*, 174 Fed.Appx. 251, 254 (6th Cir. 2006).  To comply with Rule 9(b), a RICO plaintiff must, at a minimum "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (*quoting United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir.2003) (internal quotation marks and citations omitted).  *See also Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2nd Cir. 1999) (in the RICO context, Rule 9(b) calls for the complaint to not only specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were

fraudulent, state when and where the statements were made, and identify those responsible for the statements, but the complaint must also identify the purpose of the mailing within the defendant's fraudulent scheme and include factual allegations that give rise to a strong inference of fraudulent intent).

Here, plaintiffs have failed to state with any particularity the acts of mail fraud allegedly performed by the various defendants as part of the enterprise. For example, plaintiffs' complaint fails to identify the "instruments" sent to them through the mail, the purpose of the mailing, or the roles of each defendant in the alleged enterprise. Plaintiffs apparently believe it is sufficient to merely lump together the names of the individual defendants without more. Plaintiffs cannot rely upon vague and conclusory allegations to state a RICO claim against defendants. As the court explained in *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321 (7th Cir. 1994):

> [L]oose references to mailings and telephone calls in furtherance of a purported scheme to defraud will not do. Instead, the plaintiff must, within reason, describe the time, place, and content of the mail and wire communications, and it must identify the parties to these communications. These details are mandated not only by Rule 9(b), but by the very nature of a RICO claim. For without an adequately detailed description of the predicate acts of mail and wire fraud, a complaint does not provide either the defendant or the court with sufficient information to determine whether or not a pattern of racketeering activity has been established. The complaint must also allege facts from which it reasonably may be inferred that the defendants engaged in the scheme with fraudulent intent. Moreover, when the complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiffs must take care to identify which of them was responsible for the individual acts of fraud.

*Jepson, Inc.*, 34 F.3d at 1328 (quotation marks and citations omitted). As the Sixth Circuit observed in *Frank*, "[w]ith no predicate offenses, and no enterprise, it is clear that [the plaintiffs] cannot prove either injury or nexus between the non-existent injury and the actions of the non-existent enterprise." *Frank*, 4 F.3d at 1386.

Defendants also point out that one of their number, "Robert A. Trott, P.C., an individual," died on October 22, 2001.[2]   The frivolous nature of plaintiffs' RICO action is underscored by their allegation that defendant Robert A. Trott was part of the alleged enterprise, and participated in mail fraud that purportedly occurred more than five years after his death.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("clearly baseless claims . . . are claims describing fantastic or delusional scenarios"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that for purposes of the in forma pauperis statute, 28 U.S.C. § 1915(d), a complaint is frivolous when it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

Accordingly, defendants' motion to dismiss (docket no. 7) should be granted.

## IV.     Defendants' motion to quash

Finally, defendants have moved to quash the summons directed at defendants Robert A. Trott, Joelle Allison Harvill, Ann Brennan Schafer, Sharon A. Schlussel and Katherine W. MacKenzie, whom defendants identify as a deceased attorney and former employees of defendant Trott & Trott, P.C.  Although entitled a "motion to quash," this is actually a combined motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficient service of process) (docket no. 5).  Defendants' cryptic brief, which includes only a cursory reference to Rule 12(b)(2), and no reference to Rule 12(b)(5), fails to adequately address the jurisdictional issues raised in this combined motion. A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.  *Little v. Cox's Supermarkets*,  71 F.3d 637, 641 (7th Cir. 1995).   "[I]ssues adverted to in a perfunctory manner,

---

[2] The court takes judicial notice that Attorney Robert A. Trott died on October 22, 2001.  *See* 147 Cong. Rec. E2053-02 (Extension of Remarks) (Nov. 13, 2001) ("Tribute to Robert A. Trott").

9

unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, this motion (docket no. 5) should be denied.

### V.     Recommendation

Accordingly, I respectfully recommend that plaintiffs' motion for summary judgment (docket no. 3) and their requests for default judgment (docket nos. 4 and 15) be **DENIED**, that defendants' motions to quash service (docket no. 5) be **DENIED**, that defendants' motion to dismiss (docket no. 7) be **GRANTED**, and that this action be **DISMISSED**.


Dated:  July 30, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).